**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHATEACE BOWERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cv-166-MHT-DAB** |
| | ) | |
| **NAVIENT SOLUTIONS, LLC,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Shateace Bowers, sues Defendants Navient Solutions, LLC ("Navient"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion LLC ("TransUnion"), and the United States Department of Education ("DOE") for alleged violations of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq.*, arising out a series of past-due student loans which she alleges do not belong to her. (Doc. 1). This matter is before the court on Defendant Navient's Motion to Dismiss Plaintiff's Complaint (Doc. 23) and the DOE's Motion to Dismiss (Doc. 24). The parties have had the opportunity to fully brief the matters, and the court takes the motions under consideration without oral argument. For the reasons stated herein, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that Navient's motion (Doc. 23) be **granted in part** and **denied in part** and the DOE's motion (Doc. 24) be **granted in part** and **denied in part**.

**I.    JURISDICTION**

This court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under federal statute. The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391.

On May 24, 2018, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by United States District Judge Myron H. Thompson. (Doc. 29); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II.    Background and Statement of Facts[1]

In March 2018, Plaintiff filed a ten-count complaint under the FCRA suing Defendants, Navient, Equifax, Experian, TransUnion, and the DOE, and alleging she was a victim of identity theft.  (Doc. 1). Plaintiff asserts that an imposter used her personal identifying information without her consent to open student loan accounts in her name. (Doc. 1, ¶¶ 44–46). She alleges the loans do not belong to her and she does not recognize the accounts or balances due. *Id.*, ¶¶ 20, 27, 28. She learned about the fraudulent loans when the federal government garnished her tax refund as repayment for the delinquent loans. *Id.*, ¶¶ 18, 19.

She alleges that Navient and DOE are furnishers of information to consumer reporting agencies (CRAs) under the FCRA. *Id.*, ¶¶ 12, 15.  Defendants Equifax, Experian, and TransUnion are CRAs as defined by 15 U.S.C. § 1681a(f). *Id.*, ¶¶ 13, 14, 16.

Plaintiff disputed the fraudulent accounts to the DOE. *Id.*, ¶ 22.  She requested her credit reports from the consumer reporting agency ("CRA") Defendants, Equifax, Experian, and TransUnion. *Id.*, ¶ 23.  The credit reports from the CRAs showed four student loans that were past due or in collection.[2] *Id.*, ¶¶ 24–26.  Plaintiff alleges she never borrowed money for her education

---

[1] The statement of facts is taken from the Complaint.  (Doc. 1).

[2] Plaintiff alleges the credit reports identified the following four delinquent loans: Dept of Ed/Navient account number ending in 0130; Dept of Ed/Navient account number ending in 0130; US Department of Education account number ending in 90; US Department of Education account number ending in 00. (Doc. 1, ¶¶ 24–26). Navient's motion states that there are two student loans at issue that were obtained in Plaintiff's name under the William D. Ford Federal Direct Loan Program.  (Doc. 23 at 2).

from any federal agency or from the DOE and was unaware accounts concerning her had been transferred to Navient. *Id.*, ¶¶ 29–31.

Plaintiff alleges the credit reports prepared by the CRAs included erroneous name and address information associated with Plaintiff. *Id.*, ¶¶ 32, 33.  Plaintiff disputed the inaccurate information with the CRAs, Navient, and DOE. *Id.*, ¶ 35.  Plaintiff made a report of identity theft to the Lowndes County Sheriff's Department and provided the CRAs with a copy of the report. *Id.*, ¶¶ 36, 47.  Even after submitting three written disputes, Equifax and Experian continued to "verify" the loans as accurate and belonging to Plaintiff. *Id.*, ¶¶ 37, 38, 43.  TransUnion failed to delete or investigate the disputed information after the first written dispute and continued to report the inaccurate information until sometime later after receipt of additional disputes.  *Id.*, ¶ 39. Defendants reported the false and inaccurate information to third parties. *Id.*, ¶ 54.  Plaintiff spent nearly two years disputing the inaccurate information. *Id.*, ¶ 40.  The false and inaccurate information reported by Defendants hurt Plaintiff's credit history and creditworthiness.  *Id.*, ¶ 55. She alleges that Defendants knew or should have known that she was a victim of identity theft. *Id.*, ¶ 58.  She further alleges that Navient's Loan Servicing Agreement, which governed the student loans at issue, required Navient to follow identity theft procedures, but Navient failed to do so. *Id.*, ¶¶ 61, 62. Plaintiff alleges she incurred out-of-pocket expenses disputing the inaccurate information and creditors took adverse actions against her because of the CRAs' reports.  *Id.*, ¶¶ 79, 80, 94, 95, 101.  She claims the CRAs failed to do a reasonable investigation of the reported fraud. *Id.*, ¶¶ 102, 103.  She further claims the DOE did not conduct an investigation or contact her or any third parties for additional information regarding the fraudulent loans. *Id.*, ¶¶ 108–14.

As to Navient, she alleges Navient failed to conduct an investigation, failed to contact Plaintiff to request information regarding the fraudulent accounts, did not contact third parties to

confirm the accuracy of the accounts, did not review the underlying account documents or other important documents such as the identity theft report, did not conduct a handwriting analysis of the promissory note, did not conduct a reasonable inquiry, did not review all relevant information from the CRAs, did not modify or delete false information on the account, and failed to credit report the account as in dispute. *Id.*, ¶¶ 122–31.

Plaintiff brings claims against Equifax (Counts 1 and 2), Experian (Counts 3 and 4), TransUnion (Counts 5 and 6), DOE (Counts 7 and 8), and Navient (Counts 9 and 10) for negligent and intentional noncompliance with the FCRA. As a result of Defendants' failure to comply with the requirements of the FCRA, she alleges she suffered actual damages in the form of lost credit opportunities, damage to reputation, out-of-pocket expenses, interference with her normal and usual activities and emotional distress, including humiliation and embarrassment related to the continued reporting of false and derogatory information about her.  She seeks statutory and punitive damages, costs, and attorney's fees.

Navient moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because she did not exhaust her administrative remedies under the Higher Education Act ("HEA") and obtain a false discharge certification from the DOE before filing suit.  Additionally, Navient alleges that Plaintiff fails to sufficiently plead negligent or willful violations of the FCRA, nor has she alleged facts to support her claim of actual damages. (Doc. 23).  In its motion to dismiss, the DOE asserts a facial attack on subject-matter jurisdiction under Rule 12(b)(1) arguing Plaintiff's claims against the DOE are barred by sovereign immunity.  (Doc. 24).

## III.    Standard of Review

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The

pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Motions to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) are independent of the ultimate merits of the claim. As the Eleventh Circuit has observed:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, "facial" and "factual" attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *Id.* at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id.* In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id.*

*Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003).

## IV.   Analysis

### A.   *Navient's Motion to Dismiss*

Navient requests this court dismiss Plaintiff's claims because she failed to exhaust her administrative remedies under the Higher Education Act. Specifically, Navient contends that Plaintiff's claim is premature where she has failed to initially pursue her administrative remedies from the agency prior to seeking redress in court. (Doc. 23 at 4–5). Navient cites to general case law that a plaintiff must obtain relief from an administrative agency before seeking redress through the courts. *Id.* at 4. The instant case was filed under the FCRA, not the HEA. By this lawsuit, she is not seeking to discharge the fraudulent loans. Rather, she seeks damages pursuant to the FCRA

5

for Navient's failure to conduct a reasonable investigation of the disputed information, its failure to delete or modify the false account information, and its failure to credit report the account as in dispute. Navient fails to point to any administrative remedies available under the FCRA that Plaintiff could have or should have exhausted. Accordingly, the court finds Navient's argument to be without merit and recommends the motion to dismiss be denied on this basis.

Navient next argues Plaintiff fails to state a claim against it under the FCRA because she fails to allege facts supporting a negligent or willful violation of the FCRA and fails to allege facts supporting her claim for damages. It argues that her threadbare and conclusory allegations cannot survive a 12(b)(6) motion. A review of Plaintiff's complaint reveals Plaintiff has stated more than conclusory allegations as it relates to Navient's purported negligent omissions. Specifically, she alleges Navient received notice from the Plaintiff and the CRAs as to the disputed accounts but nevertheless failed to conduct an investigation regarding the disputed information; failed to follow its own identity theft procedures; failed to contact the Plaintiff, the Lowndes County Sheriff's Office or the American Public University System regarding the accounts; failed to review the underlying accounts; failed to conduct a handwriting analysis of the promissory note; failed to conduct a reasonable inquiry; failed to review all of the information provided by the CRAs; failed to modify or delete the false account information; and failed to credit report the account as in dispute. (Doc. 1, ¶¶ 62, 120–32). Whether the investigation by Navient, a furnisher of information, is considered reasonable is generally a question for the jury. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016). Reviewing the facts in a light most favorable to the Plaintiff, as the court must do on the instant motion, the court finds Plaintiff has pled adequate facts to state a cause of action for Navient's negligent noncompliance with the FCRA. Similarly, the court finds that Plaintiff's damage allegations regarding lost credit opportunities, damage to

reputation, and out-of-pocket expenses are sufficient to survive Navient's motion to dismiss. Accordingly, it is recommended that Navient's motion to dismiss Count 9 be denied.

With regard to her claim of willful noncompliance, she alleges, "[a]t all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein." (Doc. 1, ¶ 134.)  In Count 10, she alleges Navient "willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)." *Id.*, ¶ 176.  Navient's argument in its motion to dismiss as to this count is well-taken.  Plaintiff fails to plead any ultimate facts, as opposed to conclusory statements, to support the allegation of willfulness.

The Supreme Court has explained that the phrase "willfully fails to comply" in § 1681n(a) equates to a reckless FCRA violation. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) ("where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well").  In the context of the FCRA, the Supreme Court has defined "reckless" as action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Burr*, 551 U.S. at 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).  The Court goes on to explain, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *Id*. at 69.  Other than conclusory allegations of willfulness and recklessness, Plaintiff does not allege any ultimate facts to support Navient's conduct was willful and/or reckless as opposed to just careless. For these reasons, it is recommended that Navient's motion to dismiss Count 10 be granted and Plaintiff be given the opportunity to amend.

7

B.     *DOE's Motion to Dismiss*

The DOE contends that this court lacks subject matter jurisdiction because the FCRA has not unambiguously waived sovereign immunity.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  In this case, where the DOE's jurisdictional attack is based on the face of the pleadings, the court merely looks to determine whether Plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in Plaintiff's complaint are taken as true for purposes of the motion. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, Plaintiff seeks to impose liability against the DOE under the FCRA. The DOE argues that the United States has not waived its immunity under the FCRA and thus sovereign immunity bars Plaintiff's suit.

The Supreme Court has clearly proclaimed that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Furthermore, waivers of sovereign immunity must be narrowly construed, and any ambiguities resolved in favor of the sovereign.  *See Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).  Even a statute's legislative history cannot supply a waiver that does not appear clearly in the text of the statute. *See United States v. Nordic Vill. Inc*., 503 U.S. 30, 37 (1992) ("if clarity does not exist there, it cannot be supplied by a committee report"); *Lane*, 518 U.S. at 192. Sovereign immunity is jurisdictional, and thus absent a clear waiver a court lacks subject matter jurisdiction and must dismiss a complaint.  *See FDIC v. Meyers*, 510 U.S. 741, 475 (1994); *see also Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996) ("Unless the United States may be held liable  pursuant to the terms of the statute, the sovereign's immunity remains intact, and no subject-matter jurisdiction exists.").

Plaintiff sues the DOE in Count 7 for negligent noncompliance with the FCRA.  Under the

FCRA,

> Any *person* who is negligent in failing to comply with any requirement
> imposed under this subchapter with respect to any consumer is liable to that
> consumer in an amount equal to the sum of--
> (1) any actual damages sustained by the consumer as a result of the failure;
> and
> (2) in the case of any successful action to enforce any liability under this
> section, the costs of the action together with reasonable attorney's fees as
> determined by the court.

15 U.S.C. § 1681o(a) (emphasis added).

In Count 8, Plaintiff sues the DOE for willful noncompliance with the FCRA.  In pertinent

part, the FCRA provides,

> Any *person* who willfully fails to comply with any requirement imposed
> under this subchapter with respect to any consumer is liable to that consumer
> in an amount equal to the sum of--
> (1)(A) any actual damages sustained by the consumer as a result of the failure
> or damages of not less than $100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a consumer report
> under false pretenses or knowingly without a permissible purpose, actual
> damages sustained by the consumer as a result of the failure or $1,000,
> whichever is greater;
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this
> section, the costs of the action together with reasonable attorney's fees as
> determined by the court.

15 U.S.C. § 1681n(a) (emphasis added).

As noted by the Plaintiff and observed by the Seventh Circuit in *Bormes v. U.S.*, 759 F.3d

793 (7th Cir. 2014)—the only Circuit that appears to have squarely address the issue—the FCRA

specifically defines "person" to mean "any individual, partnership, corporation, trust, estate,

cooperative, association, *government or governmental subdivision or agency*, or other entity." 15

U.S.C. § 1681a(b) (emphasis added).  The United States is a government and the DOE is a

governmental agency.[3] Thus, the statute unequivocally waives immunity by authorizing a claim for damages against a "person," as defined by the statute, which includes the United States and its agencies.

The DOE argues that legislative history fails to support that Congress intended to subject the government to liability with the 1996 amendment to the civil-remedy provisions.  (Doc. 25 at 6).  Legislative history may not provide a waiver.  *See Lane*, 518 U.S. at 192.  Furthermore, as discussed by the *Bormes* court, "[i]t takes unequivocal language to waive the national government's sovereign immunity, but this means unequivocal language in a statute, not in a committee report." *Bormes*, 759 F.3d at 796 (internal citations omitted).  The undersigned acknowledges that there is a split in the district court opinions on this issue and that the Eleventh Circuit and the Supreme Court have not decided the issue, but the court finds the reasoning in *Bormes* to be persuasive.

The FCRA imposes duties upon furnishers of information, like the DOE, by requiring "the *person* that provided the information in dispute ... [to] conduct an investigation ... [and] review all relevant information provided...." 15 U.S.C. § 1681s-2(a)(8)(E)(emphasis added).   In her complaint, Plaintiff alleges the DOE failed to conduct an investigation and review all the relevant information provided.  The FCRA imposes monetary penalties for "persons" who fail to comply with the FCRA's provisions.  The statute's definition of "person" includes the government and governmental agencies, and thus a plain reading of the statute is that sovereign immunity is clearly

---

[3] "The Department of Education was established by the Department of Education Organization Act (Pub. L. 96-88) of October 17, 1979. The U.S. Department of Education is the agency of the federal government that establishes policy for, administers and coordinates most federal assistance to education." (https://www.federalregister.gov/agencies/education-department, last visited Dec. 26, 2018).

waived by the statute. Accordingly, the DOE's motion to dismiss is due to be denied as to its argument that sovereign immunity precludes Plaintiff's claim against it under the FCRA.

Consistent with the discussion in the section above that Plaintiff fails to sufficiently plead ultimate facts of willfulness and/or recklessness to support a claim of willful violation of the FCRA, it is further recommended the DOE's motion to dismiss be granted as to Plaintiff's claim of willful noncompliance with the FCRA, and the Plaintiff be given the opportunity to amend her allegations in Count 8.

## V.     RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant Navient's Motion to Dismiss Plaintiff's Complaint (Doc. 23) be **granted in part** and **denied in part**, and the DOE's Motion to Dismiss (Doc. 24) be **granted in part** and **denied in part** as set forth above.

## VI.   NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **January 10, 2019**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 27th day of December 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

11